McEnery and Breaux J. J.,
Dissenting.
Under the Revenue Act the company is taxed on all the property it owns, including real estate, personal property, rights, credits and cash. The question is whether bonds or shares shall be taxed, although exempt from taxation under, the law, and whether these bonds and shares (exempt from taxation when owned by individuals or partnership) shall be taxed when owned by corporations.
*1510 Bonds and shares (exempt from taxation) are exempt wherever they may be found, when-it is attempted to directly tax them.
In several decisions of this court heretofore the question in matter of taxing shares of the corporation by which they had been issued was considered.
In the Shreveport Bank case, 41 An., a leading case upon the subject, treating the shares as taxable under the express provision of the law, the court decided that in establishing their value the United States bond held by the bank was not deductible.
In Home Insurance Company vs. Board of Assessors, 42 An. 1131, 1134, it was held that the principle announced in the Shreveport Bank case applied to the plaintiff insurance company and to the shares of the shareholders. This was under Act 85 of 1888. Under that act shares of insurance companies were taxable. They are not taxabla-under the more recent statute of 18811.
Under the former statute no assessment was made of the capital stock of any “ national bank, State bank, banking company, banking firm, or banking association, or of any corporation, company, firm or association, whose capital stock is represented by shares, but the actual shares shall be assessed to the shareholders, who appear as such on the books, regardless of any transfer, not registered or entered upon the books, and it shall be the duty of the president or other officer to furnish to the assessor a complete list of those who are borne upon the books as shareholders, and all taxes so assessed shall be paid by the bank, company, firm, association or corporation, which shall be entitled to collect the amount from the shareholders or their transferees.” Section 27 of Act 85 of 1888.
This section further reads substantially, when property shall be assessed directly to the bank, company, firm, association or corporation, all exempt property shall be deducted from the amount of taxes assessed.
If that law were not repealed by the statute of 1890, as the purpose now is to tax the property of the company direct, and not the shares of its shareholders, the exempt property should be deducted.
But we take up the Revenue Act of 1890, the act now in force, and immediately a substantial change is manifest.
Section 27 of that act provides that “no assessment shall hereafter be made under that name, as the capital stock of any national bank, State bank, banking company, banking firm or banking association, *1511 whose capital stock is represented by shares, but the shares shall be assessed at their actual value as shown by the books of the bank, or banks, to the shareholders who appear as such upon the books regardless of any transfer.
The last statute is the law upon the subject in question. It completely repeals, to that extent, the Revenue Act of 1888, as is made evident by the following.
Section 1 of Revenue Act of 1890:
“ That Act No. 85 of 1888 be amended by striking out its title by inserting in lieu thereof the above title, by striking out Secs. 1 to 33 inclusive.”
This certainly strikes out Sec. 27 of the Revenue Act of 1888, under which the taxes were imposed, that were declared legal in Home Insurance Company vs. Board of Assessors, 42 An. 1131, 1134.
That section having beyond question been repealed, decisions under the repealed law can not, in the nature of things, be conclusive in interpreting the existing repealing sections. If sections of the revenue statute had not been repealed by the subsequent Act of 1890 the prior decisions would still apply.
In the face of the section which reads “that all corporations, save those enumerated in Sec. 27 of this act, shall be assessed directly upon all property owned by such corporations,” we do not think that the shares issued by these corporations are taxable if the property of the corporations is already taxed as the section requires.
The authority to tax shares other than bank shares was withdrawn by the last revenue act, and that act expressly declares “that all other corporations save those enumerated in Sec. 27 (i. e.,- the bank corporations) shall be assessed directly upon all property owned by such corporations,” thereby substituting property as taxable to shares.
If there was not an express repeal, the parts of the former law left out are repealed. Sutherland on Statutory Construction, par. 137.
We, therefore, dissent.
It was held in several decisions under the Revenue Act of 1888, that the shares of a corporation are an indedendent and distinct element of value, in the matter of taxation, from which the value of the property belonging to the corporation, exempt under the law, is not to be deducted.
W e have no dissent to express from those decisions.
*1512 We dissent from a decision interpreting the Revenue Act of 1890, as having reference to property as understood ia matter of taxation, and not from decisions interpreting the Revenue Act of 1888, having reference to shares.